**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEBORAH WALSH,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   23-3184

D.C. No.
2:22-cv-01307-SPL

MEMORANDUM\*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted September 11, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,\*\* District
Judge.

      Plaintiff-Appellant Deborah Walsh ("Walsh") appeals the district court's

judgment affirming the Commissioner of Social Security's denial of her application

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*    The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

for disability and survivor's benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Walsh contends that the Administrative Law Judge ("ALJ") erred by rejecting the opinions of her treating physician, Dr. Motsch; discounting part of the opinions of non-examining state agency physicians, Drs. Cochran and GRL[1]; failing to discuss the May 2015 opinions of Dr. Hill and Counselor Luna; and failing to explain why later determinations that Walsh was limited as of February 24, 2015 did not relate back to her condition on January 31, 2015. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we do not recount them here.

1. An ALJ's factual findings "shall be conclusive" if supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). Substantial evidence is only a "modest burden," *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021), and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek*, 587 U.S. at 103 (citation omitted). When reviewing whether the findings are supported by substantial evidence, we consider the record as a whole, *see Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001), and we must uphold the ALJ's conclusion "[w]here evidence is

---

[1] The record only contains this physician's initials.

susceptible to more than one rational interpretation," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

2. The ALJ did not err in giving little weight to the opinion of the treating physician, Dr. Motsch, concerning Walsh's physical limitations. For claims filed before March 27, 2017, an ALJ may decline to give controlling weight to a treating physician's opinion that is inconsistent with other medical opinions "by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2). An ALJ may reject an opinion that is "brief, conclusory, and inadequately supported by clinical findings," *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted), or that lacks support in the record as a whole, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ determined that Dr. Motsch's opinion about Walsh's physical limitations had no basis, and explained that the opinion indicated only mental conditions and did not explain how that impacted Walsh's ability to function. The opinion did not specify any clinical testing or objective medical evidence supporting its conclusions, nor was it supported by examinations by other medical professionals at around the same time. The ALJ also found that Dr. Motsch's opinion was inconsistent with the physician's own findings and observations, which is a specific,

- 3 -

legitimate reason for discrediting a physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ cited substantial evidence from the record supporting both of these specific reasons for discounting Dr. Motsch's opinion.

3. The ALJ did not err in rejecting in part the opinions of non-examining physicians Drs. Cochran and GRL. An ALJ must consider whether a medical source's opinion is supported by evidence and consistent with the record, 20 C.F.R. § 404.1527(b)-(c), and may reject a non-examining physician's opinion "by reference to specific evidence in the medical record," *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (citation omitted). The ALJ summarized and cited the medical evidence in the record and concluded that the opinions of Drs. Cochran and GRL that Walsh was unable to have public contact and could have only occasional interactions with supervisors was not supported by this evidence.

4. The ALJ did not err in failing to discuss the opinions of Dr. Hill and Counselor Luna. An ALJ must consider opinions by all medical sources, but the ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (citation omitted). These opinions were not significant insofar as they merely interpreted the same medical evidence in the record already before the ALJ. Dr. Hill also relied on evidence of Walsh's worsening condition

- 4 -

resulting from her March 2015 hospitalization, after the relevant period, which is not probative of Walsh's condition during the relevant period.

5. The ALJ did not err by failing to explain specifically why the Commissioner's finding that Walsh was disabled as of February 24, 2015 was or was not relevant to her status as of January 31, 2015. The Appeals Council directed the ALJ to consider Walsh's condition prior to February 24, 2015, and the ALJ expressly acknowledged at the hearing that the significance of this date was that Walsh had been approved for benefits as of February 25, 2015. The ALJ was therefore well aware of this point in making her findings, and Walsh does not explain how the ALJ's factual findings are based on legal error or are unsupported by substantial evidence.

We hold that the ALJ's decision is supported by substantial evidence and that no reversible error was committed in denying Walsh's application for disability and survivor's benefits under Title II of the Social Security Act.

**AFFIRMED**.